UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-7-13
```

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

-v-

LEE COLE, *et al.*,

       Defendants.

No. 12 Civ. 8167 (RJS)
<u>ORDER</u>

RICHARD J. SULLIVAN, District Judge:

  The Court is in receipt of the attached joint letter, dated May 6, 2013, from the Securities and Exchange Commission (the "SEC") and Defendants Lee Cole and Linden Boyne. The SEC recounts a history of non-compliance by Cole and Boyne that stretches over the last four months. However, Cole and Boyne contend that they have "co-operated fully at all times with Plaintiff and [have] responded in a timely and correct fashion whenever [they have] actually received documents . . . ." To be sure, they have not so cooperated. Initial disclosures were due by January 22, 2013, and Defendants made their disclosure on April 22, three months late. They have yet to comply with the SEC's requests for documents, which were served February 22. Defendants may reside across the ocean, but they fall squarely within the jurisdiction of this Court. In exercise of that jurisdiction, IT IS HEREBY ORDERED THAT Cole and Boyne shall comply with the SEC's document requests forthwith. IT IS FURTHER ORDERED THAT Cole shall appear for his deposition on May 23, 2013 and Boyne shall appear for his deposition on May 24, 2013. If either party cannot attend the depositions on those dates, they shall notify the SEC no later than May 17, 2013. Should Defendants fail to comply with this Order and with their other discovery obligations, they will face Court sanction.

IT IS FURTHER ORDERED THAT the SEC shall serve a copy of this Order on Defendants Cole and Boyne and file notice on ECF showing that service has been effectuated.

SO ORDERED.

Dated:  May 7, 2013
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 4300
NEW YORK, NEW YORK 10281-1022

AARON P. ARNZEN
(212) 336-0573
ArnzenA@sec.gov

May 6, 2013

By email (sullivannysdchambers@nysd.uscourts.gov)
Honorable Richard J. Sullivan
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-7-13

**Re: SEC v. Cole, 12 CV 8167 (RJS)**

Dear Judge Sullivan:

Plaintiff Securities and Exchange Commission and Defendants Lee Cole and Linden Boyne write to bring a discovery dispute to the Court's attention pursuant to Rule 2G of the Court's Individual Rules of Practice. The Commission believes Cole and Boyne should be ordered to comply with their discovery obligations and/or sanctioned for their failure to engage in discovery thus far. Cole and Boyne desire a new discovery schedule. The Commission met and conferred by letter with Cole and Boyne, who have provided the written positions set forth below for inclusion in this letter.

### *Plaintiff's Position*

According to the first and only (until the exchange leading to this submission) letter that the Commission has received from them, Cole and Boyne request "a change to the current schedule as unfortunately we were not consulted with regards to the current case schedule and only received access to all of the court documents relatively recently." As the condensed chronology of relevant events below shows, a scheduling change is unwarranted, Cole and Boyne were consulted about the schedule but refused to provide input, and they are unlikely to engage in discovery without a Court order and/or sanctions.

December 3, 2012 – Order issued scheduling initial conference for January 8, 2013.

December 17, 2012 – 12/3/12 Order served on Cole/Boyne; Commission sends Cole/Boyne letter requesting input regarding proposed scheduling order; no response.

January 2, 2013 – Cole/Boyne submit letters to Court (without conferring with or copying Commission) requesting that initial conference be rescheduled.

January 4, 2012 – Commission submits letter to Court opposing request and pointing out misrepresentations in Cole/Boyne letters.

May 6, 2013
Page no. 2

> January 7, 2013 – Order issued denying Cole/Boyne requests and offering them the option of appearing telephonically.
>
> January 8, 2013 – Cole/Boyne submit letters to Court (without conferring with, copying Commission) acknowledging prior day's order and stating "[u]nfortunately I will not be able to attend the scheduling conference today due to prior commitments that I cannot cancel at this stage."
>
> January 22, 2013 – Commission provides initial disclosures to Cole/Boyne.
>
> February 22, 2013 – Commission requests production of documents from Cole/Boyne.
>
> March 15, 2013 – Cole/Boyne submit letters to Court requesting stay of all discovery.
>
> March 19, 2013 – Court denies stay request because Cole/Boyne "offer no satisfactory reason why th[e] schedule should be amended now."
>
> March 20, 2013 – Commission emails Cole/Boyne to urge their compliance with overdue discovery obligations and notes that, absent compliance, "we may well move the Court to make evidentiary findings against you and in our favor." Commission also requests that it be copied on Cole/Boyne's correspondence with Court.
>
> March 22, 2013 – Cole/Boyne submit letters to Court (without conferring with, copying Commission) "requesting additional time to respond to plaintiffs extensive discovery request."
>
> March 28, 2013 – Order issued noting that discovery continues until July 8, 2013; "Defendants' request should therefore be directed to the SEC." The Court "also reminds Defendants Cole and Boyne that ... all parties must be copied on future correspondence."
>
> April 2, 2012 – Commission delivers letter to Cole/Boyne urging them to comply with overdue discovery obligations and informing them of a range of available sanctions if they do not.
>
> April 5, 2013 – Commission notices depositions of Cole/Boyne in New York City on May 23 and 24, 2013, respectively.
>
> April 9, 2013 – Commission receives, for the first time, automatic response to email sent to Boyne. The automatic response reads "Delivery has failed to these recipients or groups: linden.boyne@sterlingfcs.com[.] You aren't allowed to send messages to this group." Prior email messages to Boyne, including one dated April 2, 2013, did not draw a similar automatic response. Additional automatic responses have been received since April 9, 2013.
>
> April 11, 2013 – Cole/Boyne correspond with the Commission (for very first time regarding this litigation) stating they intend to provide initial disclosures by April 22 and responsive documents by May 6, and asserting that a "case schedule" and depositions cannot even be scheduled until initial document discovery is completed.
>
> April 11, 2013 – Cole/Boyne submit letters to Court requesting revisions to the January 8, 2013 scheduling order, and misrepresenting that a "case schedule *is agreed between all parties*." (Emphasis added.) *This representation is false*. The Commission has not agreed to any revisions to the originally issued scheduling order with Cole or Boyne.

April 22, 2013 – Commission receives Cole/Boyne's initial disclosures. They are identical, fill no more than a half page, and are woefully deficient. The letters state that "Defendant is not yet able to identify individuals who have discoverable information but expects to be able to do so as soon as the Plaintiff [produces responsive documents]," and list just two supposed categories of documents that may support Cole/Boyne's claims or defenses: "Documents in relation to Electronic Game Card Inc." and "[d]ocuments in relation to Cole's employment with regards to Electronic Game Card Inc."

The foregoing shows that Cole and Boyne had every opportunity to provide input regarding the scheduling order but declined to do so; they have violated the Federal Rules of Civil Procedure and dragged their feet in response to valid discovery requests without any justification; they have largely refused to respond to correspondence from the Commission or even copy the Commission on their correspondence to the Court; and they have misrepresented facts to the Court. The Commission appears to be blocked from sending emails to Boyne. Cole and Boyne played similar games in the context of the Commission's investigation, *e.g.*, they both left the United States after being served in New York with subpoenas that required them to provide sworn testimony in the Commission's offices and both committed on two occasions to sit for testimony in the U.K. until cancelling at the last minute, after the Commission committed substantial time and incurred expense to prepare. Given the foregoing history, this pattern of behavior is likely to repeat itself. Moreover, Cole's and Boyne's failure to produce responsive documents (now more than a month overdue) will impede the Commission's depositions. The time and resources the Commission has had to dedicate, and will continue to dedicate absent a Court order, to obtaining Cole's and Boyne's compliance with basic discovery has been significant, and will only increase over time.

This dispute is coming to a head in part because the Commission plans to engage foreign counsel and dedicate substantial time, money and other resources to an effort to obtain evidence specifically related to Cole and Boyne from witnesses and custodians the U.K. If Cole and Boyne do not engage in this litigation but instead subject themselves to default (by, for example, refusing the step foot in the United States), it is better to know that now rather than later.

Therefore, the Commission seeks an order pursuant to FRCP 16(f), which provides for "any just order" and/or attorney's fees imposing sanctions for "fail[ure] to obey a scheduling order," and/or FRCP 37(b), which provides for sanctions for "fail[ure] to obey an order to provide or permit discovery, including an order under Rule 26(f)." Specifically, the Commission seeks an order:

- commanding Cole and Boyne to attend their depositions in New York City during the week of May 20, 2013, to comply with their discovery obligations (including those set forth in the scheduling order), and to produce meaningful initial disclosures and responsive documents within seven days of the order; and

- precluding Cole and Boyne from offering documents or witnesses to support their claims or defenses to the extent they are not identified in initial disclosures.

May 6, 2013
Page no. 4

### *Defendant Cole's and Boyne's Position*

*The Commission received Cole's and Boyne's written positions for purposes of this letter on May 6, 2013. Boyne's is set forth below. Cole's is identical except for the name used.*

Defendant Boyne (defendant) is responding to correspondence that he received from the plaintiff on the 30th April at the request of the Plaintiff.

The defendant believes that he has co-operated fully at all times with the Plaintiff and has responded in a timely and correct fashion whenever he has actually received documents that have been delivered through the appropriate channels .

The defendant has been attempting to obtain information with regards to the Plaintiff's claim since the date the Plaintiff informed the defendant that they believed they had a claim against the defendant.

The latest assertions by the Plaintiff with regards to their stated position are factually inaccurate and misleading and appear to be a further attempt by the Plaintiff to deny the defendant access to basic information in relation to what, the defendant asserts, are baseless claims. For example the Plaintiff claims that the Defendants made a false representation in a letter to the court dated 11th April 2013 which proposed an amended schedule of disclosures. The letter did not state that a schedule had been agreed as plaintiff claims.

There are multiple issues in relation to the claim that it is impossible for the defendant to assess until he has received basic information from the Plaintiff with regards to the claim.

The defendant has previously stated in documents filed with the court his position with regards to the scheduling of the case and the defendant does not understand the Plaintiff's objection, at this stage, to agreeing a practical schedule in relation to the case.

The defendant notes that the Plaintiff did not believe that they received sufficient information in initial disclosures submitted to Plaintiff on the 22nd April, in line with the proposed disclosure schedule sent to the Plaintiff on 11th April. The defendant will be in a position to provide more detailed disclosures and documents with regards to the complaint upon receipt of Plaintiff's discovery materials on the 22nd May, as requested in correspondence to the Plaintiff dated April 10th. As such the defendant confirms that it will then be in a position to supply all initial discovery materials that Plaintiff has requested in relation to the case within 14 days of 22nd May.

May 6, 2013
Page no. 5

    Defendant respectfully suggests that until both parties have been afforded the opportunity to submit and receive initial discovery materials in the reasonable timescale suggested that any sanctions on either party would not be appropriate.

<center>* * *</center>

                                  Sincerely,

                                  /s/ Aaron P. Arnzen
                                  Aaron P. Arnzen

cc:    Lee Cole (email and UPS)
       Linden Boyne (email and UPS)
       Kevin Donovan (email)
       Larry Horwitz (counsel for Timothy Quintanilla; email)