Linden Boyne
C/o Greenfield Capital International Limited
Rivington House, 82 Great Eastern Street,
London EC2A 3JF,
United Kingdom.

26th November, 2013

Honorable Kevin N Fox
United States Magistrate Judge
United States District Court
40 Centre Street
New York
NY 100007

**Re: SEC v Cole, et al., 12 CV 8167 (RJS)**

To the Honourable Kevin N Fox,

I confirm that the letter from Defendant Cole dated 26th November, 2013 also correctly states my position in respect of the settlement conference arranged for 3rd December 2013 at 10.30am in courtroom 20A, 500 Pearl Street, New York.

Yours sincerely

*[signature]*

Linden Boyne
c/o Greenfield Capital International Limited

DEC - 2 2013
PRO SE OFFICE

Lee Cole
c/o Greenfield Capital International Limited
Rivington House, 82 Great Eastern Street,
London EC2A 3JF,
United Kingdom

26th November 2013

Honorable Kevin N Fox
United States Magistrate Judge
United States District Court
40 Centre Street,
New York, NY 10007

**Re: SEC v Cole, et al., 12 CV 8167 (RJS)**

To the Honorable Kevin N.Fox,

The above-entitled case has been referred for a settlement conference on December 3, 2013, at 10.30 a.m. in courtroom 20A, 500 Pearl Street, New York, New York. For the reasons stated below I respectfully submit that I am unable to attend.

I apologize in advance for the fact that, because I am representing myself Pro Se in the case, I am not familiar with all applicable procedures and protocols. No offense is intended if my explanation and response below depart from any usual procedures or protocols.

I initially entered a defense in the complaint on a Pro Se basis both in order to meet a filing deadline to respond to the Complaint and under the assumption that my employer would cover US legal costs and hire US counsel to defend me. When my employer subsequently advised me that they would only retain UK counsel I was then not in a position myself to afford the amount of costs quoted for representation by counsel in a case of this kind and I was left reluctantly defending myself on a Pro Se basis.

In the first instance, I do not understand as to why I am to attend a settlement conference when my understanding is that a judgment already has been entered in the case against me despite my objections and my denials of unsupported allegations against me by the Plaintiff and my request to be permitted to offer evidence in accordance with my local laws.

In any case, I explained then, and it is equally true now with regard to the settlement conference, that I cannot attend because attending would breach my contract with the company which engages my services as a consultant. That company has instructed me that I am not to attend any US legal proceedings without counsel (and I do not have any), the company is not willing to pay for me to have counsel in the U.S. and, in any case, the company has made it clear that I am forbidden to do anything---such as appearing---which

might prejudice their position with regards to jurisdiction and applicable laws. Under the terms of my contract I am obligated to adhere to that company's instructions.

By way of explanation, the case referred to above refers to activities involving an entity called Electronic Game Card Inc. I was never directly employed by Electronic Game Card Inc.; rather, during the period covered by the complaint I was engaged as a consultant by an unrelated third party ("my employer") to provide services to and on behalf of that unrelated third party (my employer). My employer, in turn, was engaged to provide services, which services were ultimately provided to Electronic Game Card Inc.

My contract with my employer clearly states that my engagement for the time period in question was at all times based in the UK and subject to UK law. I am a UK citizen, and reside and work outside the U.S. My employer contends that it is only required to pay for UK counsel for me and refuses to pay for U.S. counsel.

As a UK citizen employed in the UK under a contract subject to UK law and forced to represent myself Pro Se, I have attempted to navigate the process as best as I am able particularly as Plaintiff's charges are without any basis in fact.

Plaintiff has finally revealed their alleged basis of their Complaint, previously withheld despite numerous requests I made so that I might explain why they were wrong to bring a complaint against me. The Plaintiff alleges a list of violations based upon the apparent sale of stock of Electronic Game Card Inc. by companies which, Plaintiff alleges, are owned by me and Defendant Boyne. Plaintiff complains that I and Defendant Boyne have not provided evidence that we do not own a list of companies that the Plaintiff belatedly provided to us, after a year of our asking for Plaintiff's supposed evidence of wrongdoing.

Both myself and Defendant Boyne have clearly stated that neither of us have any beneficial ownership in any of the companies listed or received any benefit from the sale of any Electronic Game Card securities by these companies except, if any, as previously disclosed in public filings. It is difficult to understand how the Plaintiff, without proving or even offering to prove our ownership, deems as us to have acted improperly, and then demands that we prove a negative (that is, that we have no ownership), with regard to a long list of private companies and without providing any other details concerning those companies, our alleged ownership, etc. We have denied the allegations, which are clearly baseless in fact.

In addition the Plaintiff continues to allege violations based upon assertions that financial statements that were issued by Electronic Game Card, Inc. were incorrect and misleading despite clear and publicly known evidence that this is not the case. The financial statements in question, which were issued by Electronic Game Card, Inc. during the time period when myself and Defendant Boyne provided services used by Electronic Game Card, Inc. were correct when filed.

I and Defendant Boyne were in a dispute with management of Electronic Game Card, Inc. shortly before we ceased to furnish services which were provided to Electronic Game Card, Inc. Plaintiff is fully aware of the dispute, which is a matter of public record and filings. I and Plaintiff Boyne felt that the management of which we complained was abusing the company, financially and otherwise, and that the management of which we complained had taken steps which violated both internal corporate governance procedures and important external contracts to the serious detriment of Electronic Game Card, Inc. We were unable to persuade that management to cease their destructive behaviour and Defendant Boyne and I resigned from providing services used by Electronic Game Card, Inc. Electronic Game Card, Inc. suffered the results of the conduct by the management of which Defendant Boyne and myself had complained and because it consequently lost assets and business the financial statements had to be restated..

Any restatements that would be needed after our departure were the result of the misdeeds of management, of which Defendant Boyne and I had complained, not of any error or misconduct by us. Plaintiff makes sly allegations about what Plaintiff refers to as a purported multi-million pound balance not being as it should have been but, in fact, it is a matter of public record that financial statements which were subsequently independently re-audited due to contractual provisions triggered by the management dispute support the accuracy of the financial statements filed by Electronic Game Card, Inc. during the period relating to Defendant Boyne and myself.

These facts, and essentially identical allegations of financial statement misstatements by Defendant Boyne and myself, were aired in the California class action lawsuit to which Plaintiff refers; Plaintiff neglects to state, despite being fully aware, that the California case (and those allegations) was dismissed with prejudice, in part due to the fact that the re-audited financial statements mentioned above clearly refuted allegations that the Electronic Game Card, Inc. financial statements were inaccurate.

Please accept my apologies for not attending but I hope the Court understands the impossible situation in which I am placed, where attending this settlement conference would place me in breach of my local contractual obligations with my employer and would cause me extreme financial hardship besides.

Yours sincerely,

*[signature]*

Lee Cole

c/o Greenfield Capital International Limited

# FedEx® Express

**FedEx Tracking Number:** 8015 8230 4680   **Form ID No.** 0460

### 4  Express Package Service
*Packages up to 150 lbs./68 kg*

- [x] 1  FedEx Intl. Priority
- [ ] 6  FedEx Intl. First
- [ ] 3  FedEx Intl. Economy
- [ ] 57 FedEx Europe First

### 5  Packaging
- [x] 6  FedEx Envelope
- [ ] 2  FedEx Pak
- [ ] 3  FedEx Box
- [ ] 4  FedEx Tube
- [ ] 1  Other
- [ ] PW FedEx 10kg Box*
- [ ] PX FedEx 25kg Box*

### 6  Special Handling
- [ ] 1  HOLD at FedEx Location
- [ ] 3  SATURDAY Delivery

### 7a  Payment — Bill transportation charges to:
- [x] 1  Sender
- [ ] 2  Recipient
- [ ] 3  Third Party
- [ ] 4  Credit Card
- [ ] 5  Cash/Cheque

### 7b  Payment — Bill duties and taxes to:
- [x] 1  Sender
- [ ] 2  Recipient
- [ ] 3  Third Party
- [ ] 5  Cash/Cheque

### 8  Your Internal Billing Reference

### 9  Required Signature

**Origin Station ID:** LUNA
**Destination Station ID:** PCTA
**URSA Routing:** NB PCTA

**FedEx Tracking Number:** 8015 8230 4680   0460

**Extremely Urgent**

Pro Se 11/27/13 TV

◄ Insert shipping document here.