UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-4-15
```

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-v-

LEE COLE, *et al.*,

                Defendants.

No. 12-cv-8167 (RJS)

**FINAL JUDGMENT AS TO DEFENDANT TIMOTHY QUINTANILLA**

The Securities and Exchange Commission having filed a Complaint and Defendant Timothy Quintanilla having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; and the Court having found that the consent judgment is fair and reasonable, and that the public interest would not be disserved, *see SEC v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, or aiding and abetting the violation of, the following:

- Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (1) to employ any device, scheme, or artifice to defraud;

    (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

- Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (1) to employ any device, scheme, or artifice to defraud;

    (2) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

- Section 10A(a)(1) of the Exchange Act [15 U.S.C. §§ 78j(b), 78j-1(a)(1)] by, in conducting an audit required pursuant to the Exchange Act of the financial statement of an issuer, failing to include procedures designed to provide reasonable assurance of detecting illegal acts that would have a direct and material effect on the determination of financial statement amounts; and

- Section 10A(b)(1) of the Exchange Act [15 U.S.C. § 78j-1(b)(1)] by, in the course of conducting an audit required pursuant to the Exchange Act of the financial statement of an issuer, and upon detecting or otherwise becoming aware of information indicating that an illegal act has or may have occurred, failing to determine whether it is likely that an illegal act has occurred, or failing to determine the effect of such possible illegal acts on the issuer's financial statement, or failing to inform the issuer's board of directors or management of such possible illegal acts.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $100,000 (One Hundred Thousand Dollars) pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(u)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $100,000 (One Hundred Thousand Dollars) to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and Timothy Quintanilla as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED.

Dated:     December 4, 2015
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE